FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 2 2007

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01001-BNB

JOHN NASIOUS,

    Plaintiff,

v.

LITTLETON POLICE DEPARTMENT,
HAL MANDLER,
OFFICE OF THE DISTRICT ATTORNEY 2ND JUDICIAL DISTRICT,
D.A. LAUREN DAVIS,
DENVER POLICE DEPARTMENT,
BART MALPASS,
DENVER POLICE DEPARTMENT – PROPERTY DIVISION,
CHIEF WHITMAN,
JOHN DO & JANE DOE 1-10,
DENVER POLICE DEPARTMENT CHECK FRAUD DIVISION,
DETECTIVE IBARRA,
JOHN DOE,
JANE DOE 1-10,
COLORADO DEPARTMENT OF CORRECTIONS – A.V.C.F. MAILROOM,
SGT. NORA KURTZ AND COMPLETE STAFF, and
TWO UNKNOWN DEPUTY SHERIFFS – Arresting on Case # 05CR2970,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, John Nasious, is a prisoner in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility at Crowley, Colorado. In two documents filed on July 24 and July 26, 2007, Mr. Nasious has advised the court that he is being held temporarily at the Denver County Jail. Therefore, the clerk of the court will be directed to mail a copy of this order to Mr. Nasious at both the Arkansas Valley Correctional Facility and the Denver County Jail.

Mr. Nasious has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. The court must construe the complaint liberally because Mr. Nasious is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Nasious will be ordered to file an amended complaint.

The court has reviewed the complaint filed by Mr. Nasious and finds that it is deficient. First, it is not clear who all of the Defendants in this action are because the Defendants listed in the caption of the complaint are not all listed in Section A of the complaint form, the section that describes the parties to the action. For example, the first two Defendants in the caption of the complaint are the Littleton Police Department and Hal Mandler. However, in Section A of the complaint form, Mr. Nasious lists only Hal Mandler of the Littleton Police Department as a Defendant and he does not separately list the Littleton Police Department as a Defendant. As a result, it is not clear who is being sued.

Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[i]n the complaint the title of the action shall include the names of all the parties." Pursuant to Rule 10.1J. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "[p]arties shall be listed in a caption with one party per line. The proper name of a party shall be in capital letters, and any identifying text shall be in upper and lower case immediately following the proper name." Therefore, if Mr. Nasious intends to sue only Hal Mandler of the Littleton Police Department and not also

2

the Littleton Police Department itself, Mr. Mandler should be listed in the caption on one line as "HAL MANDLER, Littleton Police Department." If Mr. Nasious intends also to sue the Littleton Police Department separately, both Defendants must be listed in the caption of the complaint on separate lines and both Defendants must be listed in Section A of the complaint form. Mr. Nasious is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Therefore, Mr. Nasious should name as Defendants only those persons he believes actually violated his constitutional rights.

The court also finds that the complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. See *Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. See *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct."

3

Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Nasious fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Mr. Nasious primarily complains about an illegal search and seizure of himself and his property, the failure to return his property, and interference with his legal mail at the Arkansas Valley Correctional Facility. However, it is not clear how all of the named Defendants personally participated in these asserted constitutional violations. In order for Mr. Nasious "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, — F.3d —, 2007 WL 1895877 at *3 (10th Cir. July 3, 2007).

Therefore, Mr. Nasious will be directed to file an amended complaint that clarifies who he is suing and that complies with the pleading requirements of Rule 8. Mr. Nasious is reminded that it is his responsibility to present his claims in a manageable format that allows the court and the Defendant to know what claims are being asserted and to be able to respond to those claims. Accordingly, it is

ORDERED that Mr. Nasious file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail copies of this order to Mr. Nasious at both the Arkansas Valley Correctional Facility and the Denver County Jail. It

4

is

FURTHER ORDERED that the clerk of the court mail to Mr. Nasious, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Nasious fails to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED August 2, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01001-BNB

John Nasious
Prisoner No. 98775
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

John Nasious
Prisoner No. 98775
Denver County Jail
PO Box 1108
Denver, CO 80207

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on   8/2/07

                                      GREGORY C. LANGHAM, CLERK

                                      By: _____
                                                      Deputy Clerk