IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01001-ZLW-KMT

JOHN NASIOUS,

    Plaintiffs,

v.

LITTLETON POLICE DEPARTMENT,
HAL MANDLER, Littleton Police Department,
DENVER POLICE DEPARTMENT,
BART MALPASS, #93026, Denver Police Department,
OFFICER CRAIG, Denver Police Department,
OFFICER REIDMULLER, Denver Police Department,

    Defendants.

**ORDER**

    This matter is before the court on Defendant City of Littleton's "Motion for Extension of Time to Disclose Expert Witnesses" [Doc. No. 75, filed May 1, 2008] and "Defendants' Joint Motion to Stay Discovery" [Doc. No. 79, filed June 12, 2008].

    The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, 2 (D. Colo. 2006) (unpublished). Fed. R. Civ. P. 26(c) does, however, provide

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

Specifically, this court has found that "subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted." *String Cheese Incident* at 2.

"Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation." *Saucier v. Katz*, 533 U.S. 194, 200 (1985). One of the purposes of qualified immunity is to free public employees from the burdens of broad-ranging discovery. *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987). In this case, the plaintiff has propounded expansive discovery requests, but at the same time has failed to respond to the outstanding dispositive motions filed by defendants. For these reasons, the "purely legal question" of qualified immunity should be decided before pre-trial discovery is conducted. *Medina v. Cram*, 252 F.3d 1124, 1128-29 (10th Cir. 2001); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ["[I]f the defendant does plead the immunity defense, the district court should resolve the threshold question before permitting discovery."] Based on these principles, the Tenth Circuit has held that discovery and other litigation activities should be stayed or limited as necessary to

determine issues regarding immunity before reaching any other substantive issues. *See Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).

IT IS THEREFORE ORDERED:

1. "Defendants' Joint Motion to Stay Discovery" [Doc. No. 79] is GRANTED. The Scheduling Order entered on February 13, 2008 [Doc. No. 66] is vacated and all discovery in the case is STAYED until such time as there is a final ruling on City of Littleton and Hal Mandler's Motion for Summary Judgment.

2. Defendant City of Littleton's "Motion for Extension of Time to Disclose Expert Witnesses" [Doc. No. 75] is DENIED as moot.

3. The Parties shall file a written status report within five business days of a ruling issued by the District Court on City of Littleton and Hal Mandler's Motion for Summary Judgment or no later than October 30, 2008, whichever first occurs.

Dated this 16th day of June, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge