IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  07-cv-01001-ZLW-KMT

JOHN NASIOUS,

    Plaintiff,

v.

LITTLETON POLICE DEPARTMENT,
HAL MANDLER - Littleton Police Dept.,
DENVER POLICE DEPARTMENT,
BART MALPASS, #93026, Denver Police Dept., in his official and individual capacity,
OFFICER CRAIG - Denver Police Dept., in her official and individual capacity, and
OFFICER REIDMULLER, - Denver Police Dept., in his official and individual capacity,

    Defendants.

_____

ORDER DISMISSING CERTAIN DEFENDANTS
_____

The matter before the Court is the Motion For Summary Judgment By Defendants, Denver Police Department, Officer Bart Malpass, Officer Jennifer Craig And Officer Erik Reidmuller (Doc. No. 84).  The motion was referred to Magistrate Judge Kathleen M. Tafoya pursuant to D.C.COLO.LCivR 72.1C, and on February 19, 2009, the Magistrate Judge issued a Recommendation Of United States Magistrate Judge recommending that the motion be granted in part and denied in part.  Defendants Denver Police Department, Officer Bart Malpass, Officer Jennifer Craig and Officer Erik Reidmuller (Denver Defendants) filed an objection to the Recommendation, and Plaintiff

filed a response to the objection.[1] The Court reviews *de novo* those portions of the Magistrate Judge's Recommendation to which the Denver Defendants have specifically objected.[2] The Court has construed Plaintiff's pleadings and papers liberally because he is proceeding *pro se*.[3]

Plaintiff filed his Amended Prisoner Complaint on October 1, 2007, alleging that the Denver Defendants are violating his constitutional due process rights by retaining and refusing to return cash which was seized from him when he was arrested in 2005 and 2006.[4] The Magistrate Judge recommended granting the Denver Defendants' motion for summary judgment in part and dismissing all claims against the Denver Police Department and against Defendants Malpass, Craig, and Reidmuller in their both their individual and official capacities. However, the Magistrate Judge also recommended denial of the motion in part to allow Plaintiff's due process claims to go forward against of the City and County of Denver, to be substituted as the proper municipal defendant in place of Defendants Malpass, Craig, and Reidmuller in their official capacities.[5] The Denver Defendants object to that portion of the Recommendation which recommends denial of their motion in part.

---

[1] The Magistrate Judge's February 19, 2009, Recommendation also addressed Littleton And Hal Mandler's Motion For Summary Judgment (Doc. 72), which the Court has ruled upon in a separate Order (Doc. No. 103). The Court also notes that while the present objection is titled as an objection to an order, it actually is an objection to a Recommendation.

[2] See 28 U.S.C. § 636(b)(1); United States v. One Parcel of Real Property, 73 F.3d 1057, 1059 (10th Cir. 1996) (court's *de novo* review is limited to "any portion of the magistrate judge's disposition to which specific written objection has been made. . . .").

[3] See Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007).

[4] See Amended Prisoner Complaint (Doc. No. 14) at 4-6.

[5] February 18, 2009, Recommendation (Doc. No. 99 ) at 22-23.

The present motion is one for summary judgment pursuant to Fed. R. Civ. P. 56(c). "While the party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact, the moving party need not negate the nonmovant's claim, but need only point out to the district court 'that there is an absence of evidence to support the nonmoving party's case.'"[6] "If the moving party carries this initial burden, the party opposing the motion for summary judgment 'may not rest upon mere allegations or denials of his pleading,' . . . but 'must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof.'"[7]

Here, the Denver Defendants' motion pointed out that there is no evidence to support Plaintiff's claims for constitutional violations against Defendants Malpass, Craig, and Reidmuller in their official capacities (which claims properly are treated as claims against the City of Denver).[8] Specifically, the Denver Defendants asserted that there is no evidence supporting any of the required elements of a municipal liability claim based on theories of unconstitutional policy or practice, or unconstitutional hiring, training, supervision, or employee discipline.[9] Thus, the burden shifted to Plaintiff to submit such

---

[6] Moya v. U.S., 35 F.3d 501, 503 (10th Cir. 1994) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

[7] Moya, 35 F.3d at 503 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) and Applied Genetics Int'l, Inc. v. First Affiliated Securities, Inc., 912 F.2d 1238, 1241 (10th Cir. 1990)); see also Fed. R. Civ. P. 56(e)(2).

[8] See Johnson v. Board of County Commissioners, 85 F.3d 489, 493 (10th Cir. 1996) (an official capacity suit is merely another way of pleading an action against an entity of which an officer is an agent).

[9] Motion For Summary Judgment By Defendants, Denver Police Department, Officer Bart Malpass, Officer Jennifer Craig And Officer Erik Reidmuller (Doc. No. 84) at 8-10 (citing Board of County Commissioners v. Brown, 520 U.S. 397 (1997); Hollingsworth v. Hill, 100 F.3d 733, 742 (10th Cir. 1997); and Brown v. Gray, 227 F.3d 1278, 1286 (10th Cir. 2000)).

evidence.[10]  He did not do so; in fact, he did not respond to the motion at all.  Thus, Plaintiff did not meet his burden under Fed. R. Civ. P. 56(c), and the motion should be granted.

The Magistrate Judge appears to have applied the Fed. R. Civ. P. 12(b)(6) standard, rather than the Fed. R. Civ. P. 56(c) standard, to that portion of the Denver Defendants' motion pertaining to the official capacity claims, basing the Recommendation on a conclusion that Plaintiff's allegations meet the "plausibility" standard applicable to Rule 12(b)(6) motions to dismiss.[11]  However, the determinative question on a defendant's summary judgment motion is whether the plaintiff has submitted any evidence to support his or her allegations, not whether the allegations are "plausible" as pleaded.  Because Plaintiff failed to submit any evidence to support his official capacity/municipal liability due process claims as required by Fed. R. Civ. P. 56(c), the Court declines to adopt that portion of the Magistrate Judge's Recommendation which recommends allowing those claims to proceed against the City and County of Denver.  The Court accepts and adopts the remainder of the Magistrate Judge's Recommendation, to which no objections have been filed.  Accordingly, it is

ORDERED that the Objections To Order Denying In Part Motion For Summary Judgment By Defendant Denver Police Department, Bart Malpass, Officer Craig And Officer Reidmuller, In Their Official Capacities (Doc. No. 100) are sustained.  It is

---

[10] See Fed. R. Civ. P. 56(e)(1), (2).

[11] February 18, 2009, Recommendation (Doc. No. 99 ) at 21-22 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).

FURTHER ORDERED that the Motion For Summary Judgment By Defendants, Denver Police Department, Officer Bart Malpass, Officer Jennifer Craig And Officer Erik Reidmuller (Doc. No. 84) is granted.  It is

FURTHER ORDERED that Defendant the Denver Police Department, and Defendants Officer Bart Malpass, Officer Jennifer Craig, and Officer Erik Reidmuller in their official and individual capacities, are dismissed from this action with prejudice.  It is

FURTHER ORDERED that, because all claims and Defendants now have been dismissed from this action with prejudice, Plaintiff's Amended Complaint and cause of action are dismissed with prejudice.  A separate Judgment shall issue pursuant to Fed. R. Civ. P. 58(a).

DATED at Denver, Colorado, this 2nd day of June, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court